# EXHIBIT A

**Wolters Kluwer**

<div align="right">

**CT Corporation**
**Service of Process Notification**
10/17/2022
CT Log Number 542508283

</div>

## Service of Process Transmittal Summary

**TO:**    Georgina Krotje
The TJX Companies, Inc.
770 COCHITUATE RD
FRAMINGHAM, MA 01701-4666

**RE:**    **Process Served in California**

**FOR:**    T.J. Maxx of CA, LLC  (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Dorian Moore, an individual // To: T.J. Maxx of CA, LLC |
| **DOCUMENT(S) SERVED:** | Amendment(s), Summons, Complaint, Exhibit(s), Notice(s), Cover Sheet(s), Attachment(s), Order(s), Stipulation(s), Discovery |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA
Case # 22STCV21826 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 03/14/2021 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/17/2022 at 14:21 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | DAVID PAYAB
The Law Office of Payab & Associates
5850 Canoga Avenue, Suite 400
Woodland Hills, CA 91367
818-888-4546 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/18/2022, Expected Purge Date: 10/23/2022

Image SOP

Email Notification,  Georgina Krotje  georgina_krotje@tjx.com

Email Notification,  James Evans  james_evans@tjx.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
800-448-5350
MajorAccountTeam1@wolterskluwer.com |

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
10/17/2022
CT Log Number 542508283

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**               Mon, Oct 17, 2022
**Server Name:**     JOSE SORIANO

| Entity Served | T.J. MAXX OF CA, LLC |
|---|---|
| Case Number | 22STCV21826 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



Electronically FILED by Superior Court of California, County of Los Angeles on 08/12/2022 01:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo, Deputy Clerk

<div style="writing-mode: vertical">Electronically Received 08/12/2022 01:10 PM</div>

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| VICTORIA FELDER, ESQ. | 304894 | |

The Law Office of Payab & Associates
5850 Canoga Avenue, Suite 400, Woodland Hills, CA 91367
phone: 818-888-4546            fax: 818-888-4547
e-mail: vfelder@payablaw.com
ATTORNEY FOR (Name): Dorian Moore

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS: 111 N. Hill Street, Los Angeles, CA 90012

PLAINTIFF: Dorian Moore

DEFENDANT: T.J. MAXX, et al.

| AMENDMENT TO COMPLAINT<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>22STCV21826 |
|---|---|

☒ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
DOE 1

and having discovered the true name of the defendant to be:

TRUE NAME
T. J. MAXX OF CA, LLC, a Virginia Limited Liability Company

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| August 12, 2022 | VICTORIA FELDER, ESQ. | |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME


and having discovered the true name of the defendant to be:

TRUE NAME


amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.


_____          _____
      Dated                              Judicial Officer

| LASC LACIV 105 (Rev. 08/18)<br>For Optional Use | **AMENDMENT TO COMPLAINT**<br>**(Fictitious / Incorrect Name)** | Code Civ. Proc., §§ 471.5,<br>472, 473, 474 |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 08/12/2022 01:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo, Deputy Clerk

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>VICTORIA FELDER, ESQ.<br>The Law Office of Payab & Associates<br>5850 Canoga Avenue, Suite 400, Woodland Hills, CA 91367<br>phone: 818-888-4546          fax: 818-888-4547<br>e-mail: vfelder@payablaw.com<br>ATTORNEY FOR (Name): Dorian Moore | STATE BAR NUMBER<br>304894 | *Reserved for Clerk's File Stamp* |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS: 111 N. Hill Street, Los Angeles, CA 90012

PLAINTIFF: Dorian Moore

DEFENDANT: T.J. MAXX, et al.

| AMENDMENT TO COMPLAINT<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>22STCV21826 |
|---|---|

☒ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
DOE 2

and having discovered the true name of the defendant to be:

TRUE NAME
TJX Inc., a California corporation

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE<br>August 12, 2022 | TYPE OR PRINT NAME<br>VICTORIA FELDER, ESQ. | SIGNATURE OF ATTORNEY |
|---|---|---|

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____          _____
Dated                    Judicial Officer

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

LASC LACIV 105 (Rev. 08/18)
For Optional Use

Code Civ. Proc., §§ 471.5,
472, 473, 474

Electronically Received 08/12/2022 01:10 PM

Electronically FILED by Superior Court of California, County of Los Angeles on 07/06/2022 05:02 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

22STCV21826

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** T.J. MAXX, a business entity of unknown form; TJX,
*(AVISO AL DEMANDADO):* a business entity of unknown form; TJX U.S., a
business entity of unknown form; THE TJX COMPANIES, INC., a business entity
of unknown form; NASI DOE, an individual; and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:** DORIAN MOORE, an individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill St.
Los Angeles, CA 90012

CASE NUMBER:
*(Número de Caso):*

**22STCV21826**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Law Office of Payab & Associates
5850 Canoga Avenue, Suite 400, Woodland Hills, CA 91367

Sherri R. Carter Executive Officer / Clerk of Court

818-888-4546

DATE: 07/06/2022
*(Fecha)*

Clerk, by N. Alvarez , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):* Doe 1
3. ☒ on behalf of *(specify):* T.J. Maxx of CA, LLC, a Virginia Limited Liability Company

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder

Case 2:22-cv-09155-JLS-AFM    Document 3-1    Filed 12/16/22    Page 8 of 57    Page ID
Electronically FILED by Superior Court of California, County of Los Angeles on 07/06/2022 05:02 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
22STCV21826

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Armen Tamzarian

1  DAVID PAYAB, ESQ.  (SBN 187887)
2  VICTORIA FELDER, ESQ. (SBN 304894)
   KASRA RAMEZ, ESQ. (SBN 337470)
3  **THE LAW OFFICE OF PAYAB & ASSOCIATES**
   5850 Canoga Avenue, Suite 400
4  Woodland Hills, California 91367
   Telephone:    (818) 888-4546
5  Telecopier:    (818) 888-4547

6
   Attorneys for Plaintiff
7  DORIAN MOORE, an individual

8
9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10        **FOR THE COUNTY OF LOS ANGELES - UNLIMITED JURISDICTION**

11

12  DORIAN MOORE, an individual,           )    CASE NO.    22STCV21826
                                           )
13                                         )    **COMPLAINT FOR DAMAGES**
             Plaintiff,                     )
14                                         )    1.   **Discrimination in Violation of FEHA;**
                                           )    2.   **Harassment in Violation of FEHA;**
15  vs.                                    )    3.   **Retaliation in Violation of FEHA;**
                                           )    4.   **Failure to Prevent Discrimination,**
16                                         )         **Harassment, and Retaliation;**
    T.J. MAXX, a business entity of unknown )    5.   **Whistleblower Protection;**
17  form; TJX, a business entity of unknown )    6.   **Wrongful Discharge in Violation of Public**
    form; TJX U.S., a business entity of unknown )     **Policy;**
18  form; THE TJX COMPANIES, INC., a       )    7.   **Unfair Business Practices; and**
    business entity of unknown form; NASI DOE, )
19  an individual; and DOES 1-50,          )
                                           )    **REQUEST FOR JURY TRIAL**
20                                         )
                                           )
21             Defendants.                  )
                                           )
22                                         )
                                           )
23                                         )
                                           )
24                                         )
                                           )
25                                         )
                                           )
26                                         )
                                           )
27                                         )
                                           )
28  _____  )

                                        1
                **COMPLAINT FOR DAMAGES; REQUEST FOR JURY TRIAL**

Plaintiff DORIAN MOORE, (hereinafter "PLAINTIFF") hereby complains and alleges as follows:

## THE PARTIES

1.      T.J. MAXX, TJX, TJX U.S., THE TJX COMPANIES, INC., and DOES 1-25 will be hereafter referred to as "ENTITY DEFENDANTS."

2.      Defendant NASI DOE, (hereafter, "NASI") is and at all times mentioned in this Complaint was employed by ENTITY DEFENDANTS and was PLAINTIFF's supervisor.

3.      Defendants NASI and DOES 26 to 50 will be hereafter referred to as "INDIVIDUAL DEFENDANTS."

4.      PLAINTIFF is unaware of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore, pursuant to Cal. Code of Civ. Proc. § 474, sues these defendants by such fictitious names. Defendants DOES 1 through 50 are responsible in some manner for the activities alleged herein and each was acting as an agent for the others. PLAINTIFF will amend this Complaint to add the true names of DOES 1 through 50 once they are ascertained. Whenever reference is made to "Defendants," such reference shall include all defendants including DOES 1 through 50, INDIVIDUAL DEFENDANTS, and ENTITY DEFENDANTS.

5.      At all relevant times, each of the Defendants acted as a principal, agent, representative, or employee of each of the other Defendants and acted within the course and scope of said agency or representation or employment, and with the permission and ratification of each of the other Defendants.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper pursuant to Cal. *Code of Civ. Proc.* § 410.10. The amount in controversy exceeds the minimum jurisdictional threshold of this Court.

7.      At all times relevant herein, ENTITY DEFENDANTS conducted business in the County of Los Angeles.

8.      PLAINTIFF's employment with ENTITY DEFENDANTS was carried out in the County of Los Angeles.

2

**COMPLAINT FOR DAMAGES; REQUEST FOR JURY TRIAL**

9.      PLAINTIFF is, and at all times mentioned in this complaint was, a resident of California.

## **FACTUAL BACKGROUND**

10.     PLAINTIFF was hired by ENTITY DEFENDANTS as an Associate on or around October 15, 2020.

11.     PLAINTIFF is African American and was the only African American working at the Tarzan location that she was working. During her employment with ENTITY DEFENDANTS, PLAINTIFF exhibited various hairstyles and received harassment from her Assistant Manager NASI and others as a result.

12.     For example, on or about January 17, 2021, when PLAINTIFF put her hair in braids and went into work, NASI told PLAINTIFF, "Jamaican me crazy," PLAINTIFF is not Jamaican, and the comments from her manager made her very uncomfortable.

13.     On or about February 20, 2021, when PLAINTIFF wore her hair in an afro, NASI called her a "wild girl," and then yelled across the store to Libi, "did you see Dorian's hair?" NASI then said to PLAINTIFF, "I want to touch your hair, but I cannot touch it."

14.     On or about March 5, 2021, PLAINTIFF again came to work with her hair in an afro, and another of PLAINTIFF's managers said, "Excuse me who is this? Who are you?" Thereafter, PLAINTIFF's co-workers began to laugh. These comments also made PLAINTIFF very uncomfortable.

15.     In addition to the racially based comments on her hair, PLAINTIFF was also treated differently based on her race as all her co-workers were taught to work on the cash register or in the back. PLAINTIFF was not taught to do either. Further, PLAINTIFF was never promoted at the store.

16.     PLAINTIFF complained about the racial harassment and discrimination to Manager Roya, but the harassment and discrimination continued. She informed that she feels uncomfortable going to work due to the derogatory comments. She also complained the Roya about the discrimination against her for not teaching her the cash register and their failure to

3

**COMPLAINT FOR DAMAGES; REQUEST FOR JURY TRIAL**

1   promote her.  But, nothing was done as a result of her complaints.

2   17.   PLAINTIFF also complained to NASI herself but the harassment and
3   discrimination continued.

4   18.   On or about March 10, 2021, PLAINTIFF wore bantu knots and braids to work. In
5   earshot of Roya, NASI approached PLAINTIFF and said, "your hair is wild." In response,
6   PLAINTIFF said to NASI that she did not like when NASI called her hair "wild" and to please use
7   a different word. NASI, responded, "Oh, like what other words?" PLAINTIFF suggested that she
8   say her hair is "nice" or "beautiful." NASI then said she had a friend that wore her hair like
9   PLAINTIFF.

10   19.   PLAINTIFF was receiving harassing and discriminatory comments regardless of
11   any style that she wore her hair, i.e., in a braid, her natural way of her hair which was Afro, or any
12   other way. As such, she did not know how to wear her hair or what to do to stop the harassing and
13   discriminatory comments, especially since the management was not doing anything about her
14   complaints.  PLAINTIFF had anxiety and depression about going to work because of the harassing
15   comments they would say to her.

16   20.   On or about March 14, 2021, PLAINTIFF was constructively terminated by
17   ENTITY DEFENDANTS.

18   21.   PLAINTIFF filed a complaint with the Department of Fair Employment and
19   Housing (DFEH) against Defendants and obtained a Notice of Case Closure and Right to Sue. The
20   foregoing documents are attached hereto as Exhibit 1.

21

22   **FIRST CAUSE OF ACTION**

23   **DISCRIMINATION IN VIOLATION OF FEHA (Cal. *Gov. Code*, § 12940(a))**

24   **(Against ENTITY DEFENDANTS)**

25   22.   PLAINTIFF herein incorporates by reference Paragraphs 1 through 21, inclusive,
26   as though fully set forth herein.

27   23.   ENTITY DEFENDANTS were employers.

28   24.   PLAINTIFF was an employee of ENTITY DEFENDANTS.

4

**COMPLAINT FOR DAMAGES; REQUEST FOR JURY TRIAL**

25.    ENTITY DEFENDANTS knew or should have known of PLAINTIFF's national origin, race, and ancestry.

26.    ENTITY DEFENDANTS constructively discharged PLAINTIFF.

27.    PLAINTIFF's national origin, race, and ancestry were each substantial motivating reasons for ENTITY DEFENDANTS' decision to constructively discharge PLAINTIFF.

28.    PLAINTIFF was harmed.

29.    ENTITY DEFENDANTS' conduct was a substantial factor in causing PLAINTIFF's harm.

30.    PLAINTIFF requests further relief as described below.

## SECOND CAUSE OF ACTION

## HARASSMENT IN VIOLATION OF FEHA (Cal. *Gov. Code*, § 12940(j))

### (Against all Defendants)

31.    PLAINTIFF herein incorporates by reference Paragraphs 1 through 21, inclusive, as though fully set forth herein.

32.    PLAINTIFF was an employee of ENTITY DEFENDANTS.

33.    PLAINTIFF was subjected to unwanted harassing conduct on the basis of her national origin, race, and ancestry.

34.    The harassing conduct was severe and pervasive.

35.    A reasonable person in PLAINTIFF's circumstances would have considered the work environment to be hostile and abusive.

36.    PLAINTIFF considered the work environment to be hostile or abusive toward those of her national origin, race, and ancestry.

37.    INDIVIDUAL DEFENDANTS participated in the harassing conduct.

38.    ENTITY DEFENDANTS, or their supervisors or agents, knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

39.    PLAINTIFF was harmed.

40.    INDIVIDUAL DEFENDANTS and ENTITY DEFENDANTS' conduct was a

5

**COMPLAINT FOR DAMAGES; REQUEST FOR JURY TRIAL**

1  substantial factor in causing PLAINTIFF's harm.

2      41.    PLAINTIFF requests further relief as described below.

3

4                    **THIRD CAUSE OF ACTION**

5      **RETALIATION IN VIOLATION OF FEHA (Cal. *Gov. Code*, § 12940(h))**

6                    **(Against ENTITY DEFENDANTS)**

7      42.    PLAINTIFF herein incorporates by reference Paragraphs 1 through 21, inclusive,

8  as though fully set forth herein.

9      43.    PLAINITFF complained about harassment she suffered on the basis of her national

10  original, race, and ancestry.

11      44.    ENTITY DEFENDANTS were PLAINTIFF's employers.

12      45.    ENTITY DEFENDANTS constructively discharged PLAINTIFF.

13      46.    PLAINTIFF's complaints about harassment were substantial motivating reasons

14  for ENTITY DEFENDANTS' decision to constructively discharge PLAINTIFF.

15      47.    PLAINTIFF was harmed.

16      48.    ENTITY DEFENDANTS' decision to constructively discharge PLAINTIFF was a

17  substantial factor in causing PLAINTIFF's harm.

18      49.    PLAINTIFF requests further relief as described below.

19

20                    **FOURTH CAUSE OF ACTION**

21      **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION**

22                    **(Cal. *Gov. Code*, § 12940(k))**

23                    **(Against ENTITY DEFENDANTS)**

24      50.    PLAINTIFF herein incorporates by reference Paragraphs 1 through 21, inclusive,

25  as though fully set forth herein.

26      51.    PLAINTIFF was an employee of ENTITY DEFENDANTS.

27      52.    PLAINTIFF was subject to discrimination, harassment, and retaliation in the course

28  of employment.

                                6
                **COMPLAINT FOR DAMAGES; REQUEST FOR JURY TRIAL**

1    53.    ENTITY DEFENDANTS failed to take all reasonable steps to prevent the

2    discrimination, harassment, and retaliation.

3    54.    PLAINTIFF was harmed.

4    55.    ENTITY DEFENDANTS' failure to take all reasonable steps to prevent the

5    discrimination, harassment, and retaliation was a substantial factor in causing PLAINTIFF's harm.

6    56.    PLAINTIFF requests further relief as described below.

7

8                          **FIFTH CAUSE OF ACTION**

9              **WHISTLEBLOWER PROTECTION (Cal. *Lab. Code*, § 1102.5)**

10                        **(Against ENTITY DEFENDANTS)**

11    57.    PLAINTIFF herein incorporates by reference Paragraphs 1 through 21, inclusive,

12    as though fully set forth herein.

13    58.    ENTITY DEFENDANTS were PLAINTIFF's employers.

14    59.    PLAINTIFF reasonably believed that ENTITY DEFENDANTS' policies violated

15    federal, state, or local statutes, rules or regulations.

16    60.    PLAINTIFF complained to her supervisors regarding such violations.

17    61.    ENTITY DEFENDANTS believed that PLAINTIFF might disclose information of

18    ENTITY DEFENDANTS' violation of statutes, rules, or regulations to a government agency or

19    law enforcement agency.

20    62.    ENTITY DEFENDANTS constructively discharged PLAINTIFF.

21    63.    ENTITY DEFENDANTS' belief that PLAINTIFF might disclose this information

22    in addition to PLAINTIFF's complaints to her supervisors regarding such violations were a

23    contributing factor in ENTITY DEFENDANTS' decision to constructively discharge

24    PLAINTIFF.

25    64.    PLAINTIFF was harmed.

26    65.    ENTITY DEFENDANTS' conduct was a substantial factor in causing

27    PLAINTIFF's harm.

28    66.    PLAINTIFF requests further relief as described below.

                                    7

1

2 **SIXTH CAUSE OF ACTION**

3 **WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

4 **(Against ENTITY DEFENDANTS)**

5    67.    PLAINTIFF herein incorporates by reference Paragraphs 1 through 21, inclusive,

6 as though fully set forth herein.

7    68.    PLAINTIFF was employed by ENTITY DEFENDANTS.

8    69.    ENTITY DEFENDANTS constructively discharged PLAINTIFF.

9    70.    ENTITY DEFENDANTS' constructive discharge of PLAINTIFF violated Cal.

10 *Lab. Code*, § 1102.5 and Cal *Gov. Code*, §§ 12940(a),(h),(j),(k).

11   71.    PLAINTIFF's constructive discharge caused PLAINTIFF harm.

12   72.    PLAINTIFF requests further relief as described below.

13

14 **SEVENTH CAUSE OF ACTION**

15 **UNFAIR BUSINESS PRACTICES (Cal. *Bus. & Prof. Code* § 17200, *et seq.*)**

16 **(Against ENTITY DEFENDANTS)**

17   73.    PLAINTIFF herein incorporates by reference Paragraphs 1 through 21, inclusive,

18 as though fully set forth herein.

19   74.    Pursuant to Cal. Bus. & Prof. Code, § 17200, et seq. ENTITY DEFENDANTS'

20 conduct - including but not limited to discrimination, harassment, retaliation, failure to prevent

21 discrimination, harassment, and retaliation - constitutes unfair, unlawful and/or fraudulent

22 business practices within the meaning of Cal. Bus. & Prof. Code, § 17200.

23   75.    PLAINTIFF was harmed.

24   76.    ENTITY DEFENDANTS' conduct was a substantial factor in causing

25 PLAINTIFF's harm.

26   77.    As a result of its unlawful acts, ENTITY DEFENDANTS reaped unfair benefits

27 and illegal profits at the expense of PLAINTIFF. ENTITY DEFENDANTS should be made to

28 disgorge these ill-gotten gains and pay restitution to PLAINTIFF including, but not limited to,

1    restitution of all unpaid wages, plus interest, as well as attorneys' fees and costs.

2        78.    PLAINTIFF requests further relief as described below.

3

4    **On the First through Seventh Causes of Action:**

5        1.  For back pay in the amount of $500,000.00;

6        2.  For front pay in the amount of $500,000.00;

7        3.  For general damages in the amount of $1,000,000.00;

8        4.  For pre-judgment and post-judgment interest on all damages awarded;

9        5.  For punitive damages in an amount to be proven at trial; and

10       6.  For PLAINTIFF's reasonable attorneys' fees.

11       7.  For costs of suit; and

12       8.  For such other and further relief as the Court may deem just and proper.

13

14   Dated: July 6, 2022

15

16                                    By:    _____

17                                           DAVID PAYAB, ESQ.
                                             VICTORIA FELDER, ESQ.
18                                           KASRA RAMEZ, ESQ.
                                             Attorneys for Plaintiff
19                                           DORIAN MOORE

20

21   PLAINTIFF hereby requests a trial by jury.

22

23   Dated: July 6, 2022

24

25                                    By:    _____

26                                           DAVID PAYAB, ESQ.
                                             VICTORIA FELDER, ESQ.
27                                           KASRA RAMEZ, ESQ.
                                             Attorneys for Plaintiff
28                                           DORIAN MOORE

                                          9
                     **COMPLAINT FOR DAMAGES; REQUEST FOR JURY TRIAL**

# EXHIBIT 1

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

2

3

4

5

**In the Matter of the Complaint of**
Dorian Moore                                          DFEH No. 202107-14111608

6

Complainant,

7

vs.

8

T.J. Maxx
18700 Ventura Boulevard

9

Tarzana, California 91356

10

Nasi Unknown
18700 Ventura Boulevard

11

Tarzana, California 91356

12

TJX
18700 Ventura Boulevard

13

Tarzana, California 91356

14

TJX U.S.
18700 Ventura Boulevard

15

Tarzana, California 91356

16

The TJX Companies, Inc.
18700 Ventura Boulevard

17

Tarzana, California 91356

18

Respondents

19

20

21

**1.** Respondent **T.J. Maxx** is an **employer T.J. Maxx** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

22

**2.**Complainant is naming **Nasi Unknown** individual as Co-Respondent(s).

23

Complainant is naming **TJX** business as Co-Respondent(s).
Complainant is naming **TJX U.S.** business as Co-Respondent(s).

24

Complainant is naming **The TJX Companies, Inc.** business as Co-Respondent(s).

25

**3.** Complainant **Dorian Moore**, resides in the City of , State of .

26

27

-1-
*Complaint – DFEH No. 202107-14111608*

28

Date Filed: July 8, 2021

**4**. Complainant alleges that on or about **March 14, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race.

**Complainant was discriminated against** because of complainant's race and as a result of the discrimination was terminated, forced to quit, denied hire or promotion, asked impermissible non-job-related questions, denied the right to wear pants, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, forced to quit, denied hire or promotion, asked impermissible non-job-related questions, denied work opportunities or assignments.

**Additional Complaint Details:** Based on information and belief, the following occurred:

During her employment with T.J. Maxx, TJX, TJX U.S., and the TJX Companies, Inc. (hereafter, "employers"), Ms. Dorian Moore experienced harassment and discrimination on the basis of her race. Mr. Cox complained about this discrimination and harassment to her employers, but the harassment continued, and resulted in a hostile work environment. The harassers included, but were not limited to, Nasi. Rather than addressing her complaints, Ms. Moore's employers retaliated against her and constructively terminated her employment on or about March 14, 2021.

-2-
*Complaint – DFEH No. 202107-14111608*

Date Filed: July 8, 2021

VERIFICATION

I, **David Payab, Esq.**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On July 8, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Woodland Hills, CA**

-3-
*Complaint – DFEH No. 202107-14111608*

Date Filed: July 8, 2021



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

July 8, 2021

Dorian Moore

'

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202107-14111608
       Right to Sue: Moore / T.J. Maxx et al.

Dear Dorian Moore:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective July 8, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

Electronically FILED by Superior Court of California, County of Los Angeles on 07/06/2022 05:02 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>DAVID PAYAB, ESQ.                    SBN: 187887<br>The Law Office of Payab & Associates<br>5850 Canoga Avenue, Suite 400, Woodland Hills, CA 91367<br>TELEPHONE NO: 818-888-4546    FAX NO. *(Optional):* 818-888-4547<br>E-MAIL ADDRESS: dpayab@payablaw.com<br>ATTORNEY FOR *(Name):* Dorian Moore | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS: 111 North Hill St.
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: DORIAN MOORE V. T.J. MAXX, ET AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | 22STCV21826 |
| | | | DEPT: | JUDGE: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 6, 2022

DAVID PAYAB, ESQ.
_____
(TYPE OR PRINT NAME)

▶  _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021]                    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE DORIAN MOORE V. T.J. MAXX, ET AL. | . | CASE NUMBER . |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) |
|---|

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner lives. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Mandatory personal injury filing in North District. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. | Location of property or permanently garaged vehicle. | | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| | **Personal Injury Cases Assigned to the Personal Injury Hub Courts** | | |
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4, 11 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4, 11 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | | ☐ 2307 Construction Accidents | 1, 4, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE DORIAN MOORE V. T.J. MAXX, ET AL. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Personal Injury Cases Assigned to the Independent Calendar Courts** | | | |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/environmental) | 1, 3, 5 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 3, 5 |
| | | ☐ 4502 Other Professional Health Case Malpractice | 1, 3, 5 |
| | Other Personal Injury / Property Damage / Wrongful Death (23) | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 3, 5 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 3, 5 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 3, 5 |
| **Other Civil Cases Assigned to Independent Calendar Courts** | | | |
| Non-Personal Injury/Property Damage /Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☒ 3601 Wrongful Termination | 1, ②, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE DORIAN MOORE V. T.J. MAXX, ET AL. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Contract** | Breach of Contract/<br>Warranty (06)<br>(not insurance) | ☐ 0604 Other Breach of Contract/Warranty (no fraud/<br>negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental<br>Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off<br>consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/<br>negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse<br>Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain,<br>landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer –<br>Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer –<br>Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post<br>Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer –<br>Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration<br>(11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | DORIAN MOORE V. T.J. MAXX, ET AL. | | CASE NUMBER | |
|---|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Judicial Review** | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |
| | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE DORIAN MOORE V. T.J. MAXX, ET AL. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Miscellaneous Civil Petitions** | Other Petitions<br>(not specified above) (43) | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases).

| REASON:<br>☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>18700 Ventura Boulevard |
|---|---|
| CITY:<br>Tarzana | STATE:<br>CA | ZIP CODE:<br>91356 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central
District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC
Local Rule 2.3(a)(1)(E)]

Dated: July 6, 2022

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (05/22).

5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.

6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/06/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ N. Alvarez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV21826 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Armen Tamzarian | 52 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 07/07/2022 _____    By N. Alvarez _____, Deputy Clerk
(Date)

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )     FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
                         )
                         )
                         )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

    a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

   a) Trial Court Records

   Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

   b) Represented Litigants

   Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

   c) Public Notice

   The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

1      d) Documents in Related Cases

2           Documents in related cases must be electronically filed in the eFiling portal for that case type if

3           electronic filing has been implemented in that case type, regardless of whether the case has

4           been related to a Civil case.

5  3) EXEMPT LITIGANTS

6      a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7           from mandatory electronic filing requirements.

8      b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9           Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10           from filing documents electronically and be permitted to file documents by conventional

11           means if the party shows undue hardship or significant prejudice.

12  4) EXEMPT FILINGS

13      a) The following documents shall not be filed electronically:

14           i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15               Civil Procedure sections 170.6 or 170.3;

16           ii) Bonds/Undertaking documents;

17           iii) Trial and Evidentiary Hearing Exhibits

18           iv) Any ex parte application that is filed concurrently with a new complaint including those

19               that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20           v) Documents submitted conditionally under seal. The actual motion or application shall be

21               electronically filed. A courtesy copy of the electronically filed motion or application to

22               submit documents conditionally under seal must be provided with the documents

23               submitted conditionally under seal.

24      b) Lodgments

25           Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26  paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27  //

28  //

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i) Depositions;

ii) Declarations;

iii) Exhibits (including exhibits to declarations);

iv) Transcripts (including excerpts within transcripts);

v) Points and Authorities;

vi) Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

 Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 02/22
For Mandatory Use

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
               (INSERT DATE)                             (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)
Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)
Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)
Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)

Print    Save    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

Print     Save                                          Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| LACIV 094 (new) LASC Approved 04/11 For Optional Use | **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | |
|---|---|---|

[ Print ]    [ Save ]    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:         FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:    _____        _____
                                                          JUDICIAL OFFICER

[ Print ]    [ Save ]                                              [ Clear ]

# FILED

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK
*N. Navarro*
BY NANCY NAVARRO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

General Order Re                              )     ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation         )     EXTENDING TIME TO RESPOND BY
Stipulations                                  )     30 DAYS WHEN PARTIES AGREE
                                              )     TO EARLY ORGANIZATIONAL
                                              )     MEETING STIPULATION
_____)

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

1   Whereas the Early Organizational Meeting Stipulation is intended to encourage

2   cooperation among the parties at an early stage in litigation in order to achieve

3   litigation efficiencies;

4   Whereas it is intended that use of the Early Organizational Meeting Stipulation

5   will promote economic case resolution and judicial efficiency;

6

7   Whereas, in order to promote a meaningful discussion of pleading issues at the

8   Early Organizational Meeting and potentially to reduce the need for motions to

9   challenge the pleadings, it is necessary to allow additional time to conduct the Early

10  Organizational Meeting before the time to respond to a complaint or cross complaint

11  has expired;

12

13  Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in

14  which an action is pending to extend for not more than 30 days the time to respond to

15  a pleading "upon good cause shown";

16  Now, therefore, this Court hereby finds that there is good cause to extend for 30

17
    days the time to respond to a complaint or to a cross complaint in any action in which
18

19  the parties have entered into the Early Organizational Meeting Stipulation.  This finding

20  of good cause is based on the anticipated judicial efficiency and benefits of economic

21  case resolution that the Early Organizational Meeting Stipulation is intended to

22
    promote.
23

24  IT IS HEREBY ORDERED that, in any case in which the parties have entered

25  into an Early Organizational Meeting Stipulation, the time for a defending party to

26  respond to a complaint or cross complaint shall be extended by the 30 days permitted

27

28

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

1  DAVID PAYAB, ESQ. (SBN 187887)
2  VICTORIA FELDER, ESQ. (SBN 304894)
   KASRA RAMEZ, ESQ. (SBN 337470)
3  **THE LAW OFFICE OF PAYAB & ASSOCIATES**
   5850 Canoga Avenue, Suite 400
4  Woodland Hills, California 91367
   Telephone:    (818) 888-4546
5  Telecopier:   (818) 888-4547

6  Attorneys for Plaintiff
   DORIAN MOORE, an individual
7

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10      **FOR THE COUNTY OF LOS ANGELES - UNLIMITED JURISDICTION**

11

12  DORIAN MOORE, an individual,            )  **Case No.: 22STCV21826**
                                            )
13                                          )  **NOTICE OF RULING**
                                            )
14                 Plaintiff,               )  Date:      July 18, 2022
                                            )  Time:      8:30 a.m.
15                                          )  Dept.:     52
                                            )
16  vs.                                     )
                                            )
17  T.J. MAXX, a business entity of unknown )
18  form; TJX, a business entity of unknown form; )
    TJX U.S., a business entity of unknown form; )  **Action Filed**: July 6, 2022
19  THE TJX COMPANIES, INC., a business     )
    entity of unknown form; NASI DOE, an    )
20  individual; and DOES 1-50,              )
                                            )
21                                          )
                                            )
22                 Defendants.              )
                                            )
23                                          )
                                            )
24                                          )
                                            )
25                                          )
                                            )
26                                          )
                                            )
27                                          )
                                            )
28  ──────────────────────────────────────)

                              1
                      **NOTICE OF RULING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

       Pursuant to the Court's Notice of Case Management Conference dated July 18, 2022, a true and correct copy which is attached herewith as Exhibit 1, the Court ordered as follows:

1.    A Case Management Conference is scheduled for **November 2, 2022 at 8:30 a.m.** in Department 52 of the Stanley Mosk Courthouse, located at 111 North Hill Street, Los Angeles, CA 90012; and

2.    Plaintiff is to give notice.

Dated: July 26, 2022                    **THE LAW OFFICE OF PAYAB & ASSOCIATES**

                              By:    /s/ David Payab
                                      DAVID PAYAB, ESQ.
                                      VICTORIA FELDER, ESQ.
                                      KASRA RAMEZ, ESQ.
                                      Attorneys for Plaintiff
                                      DORIAN MOORE

2

**NOTICE OF RULING**

**EXHIBIT 1**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
DORIAN MOORE, an individual

DEFENDANT:
T.J. MAXX, a business entity of unknown form et al

**NOTICE OF CASE MANAGEMENT CONFERENCE**

| Reserved for Clerk's File Stamp |
|---|
| **FILED**
Superior Court of California
County of Los Angeles
**07/18/2022**
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ M. Isunza _____ Deputy |

CASE NUMBER:
22STCV21826

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 11/02/2022 | Time: 8:30 AM | Dept.: 52 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: _07/18/2022_

_Armen Tamzarian / Judge_
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

David Payab
5850 Canoga Ave Ste 400

Woodland Hills, CA 91367

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: _07/18/2022_

By _M. Isunza_
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/18/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Isunza _____ Deputy |
| PLAINTIFF/PETITIONER:<br>DORIAN MOORE, an individual | |
| DEFENDANT/RESPONDENT:<br>T.J. MAXX, a business entity of unknown form et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22STCV21826 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

David Payab
5850 Canoga Ave Ste 400
Woodland Hills, CA  91367

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>07/18/2022</u>                    By: <u>M. Isunza</u>
                                                      Deputy Clerk

**CERTIFICATE OF MAILING**